# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ZANE COLBERT**, | : | **CIVIL NO. 1:18-CV-2422** |
| **Petitioner** | : | **(Chief Judge Conner)** |
| v. | : | |
| **LAWRENCE MAHALLAY**, *et al.*, | : | |
| **Respondents** | : | |

## **ORDER**

AND NOW, this 5th day of June, 2019, upon consideration of petitioner's motion (Doc. 4) for appointment of counsel and request for an evidentiary hearing, see 18 U.S.C. § 3006A(a)(2) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under [28 U.S.C.] section 2254 . . . "), and it appearing that the claims of the petition for writ of habeas corpus, alleging that he was wrongfully convicted in the Court of Common Pleas of Dauphin County, do not present complex legal or factual issues, see id. (remarking on wide discussion of issues), and, it further appearing that petitioner is capable of properly and forcefully prosecuting his claims with adequate factual investigation and appropriate citations to governing authority, see Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991) (identifying merit and complexity of petitioner's claims as factors in whether to appoint counsel); Blasi v. Attorney Gen., 30 F. Supp. 2d 481, 489 (M.D. Pa. 1998) (citing Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993)), aff'd, 275 F.3d 33 (3d Cir.

2001), and the court finding that the interests of justice do not require the appointment of counsel for petitioner at this stage of the proceedings, see 18 U.S.C. § 3006A(a)(2), it is hereby ORDERED that the motion (Doc. 4) is DENIED. If the court determines that an evidentiary hearing should be held or if further proceedings otherwise demonstrate the need for counsel, the matter will be reconsidered either *sua sponte* or upon motion of petitioner.

  /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania