# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ZANE COLBERT**, | : | **CIVIL NO. 1:18-CV-2422** |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| **LAWRENCE MAHALLAY**, *et al.*, | : | |
| Respondents | : | |

## **MEMORANDUM**

Petitioner Zane Colbert ("Colbert") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction imposed in the Court of Common Pleas of Dauphin County, Pennsylvania. (Doc. 1). For the reasons discussed below, the court will dismiss the petition as untimely.

## I.  Background

In May 1992, Colbert was arrested and charged with two counts each of rape and involuntary deviate sexual intercourse. See Commonwealth v. Colbert, https://ujsportal.pacourts.us, electronic docket numbers CP-22-CR-0002357-1992, CP-22-CR-0002358-1992. Following a jury trial, Colbert was found guilty on all counts. Id. On May 16, 1994, Colbert was sentenced to an aggregate term of incarceration of thirty-two (32) to sixty-four (64) years in a state correctional facility. Id. Colbert filed a direct appeal. (Doc. 19, at 31, Notice of Appeal). On February 1, 1995, the Pennsylvania Superior Court affirmed the judgment of sentence. (Doc. 19, at 41-45, Commonwealth v. Colbert, No. 00330 HBG. 1994). Colbert filed a petition

for allowance of appeal. On July 21, 1995, the Pennsylvania Supreme Court denied the petition for allowance of appeal. (Doc. 19, at 47, Commonwealth v. Colbert, No. 113 M.D. Alloc. Dkt. 1995).

On April 3, 1996, Colbert filed his first *pro se* petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. (Doc. 19-1, at 171-77, PCRA Petition). Counsel was subsequently appointed to represent Colbert and filed a supplemental petition on December 18, 1996. (Doc. 19-1, at 180-885, Supplemental PCRA Petition). On April 11, 1997, the PCRA court denied the petition. (Doc. 19-1, at 34). Colbert filed an appeal to the Pennsylvania Superior Court. (Doc. 19-1, at 36). On December 31, 1998, the Superior Court affirmed the PCRA court's denial of the petition. (Doc. 19-1, at 95-97, Commonwealth v. Colbert, No. 593 HBG. 1998). Colbert then filed a petition for allowance of appeal. On August 24, 1999, the Pennsylvania Supreme Court denied the petition for allowance of appeal. (Doc. 19-1, at 110, Commonwealth v. Colbert, No. 65 M.D. Alloc. Dkt. 1999).

On August 15, 2000, Colbert filed a second *pro se* PCRA petition. (Doc. 19-1, at 195-201, PCRA Petition). On August 17, 2000, the PCRA court dismissed the petition as untimely. (Doc. 19-1, at 192-93). Colbert filed an appeal, and, on September 9, 2002, the Superior Court affirmed the dismissal of the petition as untimely and found that none of the exceptions to the timeliness requirement applied. (Doc. 19-1, at 216-221, Commonwealth v. Colbert, No. 1114 MDA 2001).

On May 7, 2003, Colbert filed his third *pro se* PCRA petition. See Commonwealth v. Colbert, Nos. CP-22-CR-0002357-1992, CP-22-CR-0002358-1992. On June 2, 2003, the PCRA court dismissed the petition as untimely. See id.

On December 26, 2007, Colbert filed a fourth *pro se* PCRA petition. See Commonwealth v. Colbert, No. CP-22-CR-0002358-1992. On March 24, 2008, the PCRA court dismissed the petition as untimely. See id.

On June 23, 2014, Colbert filed his fifth *pro se* PCRA petition. See Commonwealth v. Colbert, No. CP-22-CR-0002358-1992. On August 7, 2014, the PCRA court dismissed the petition as untimely. See id. Colbert filed an appeal to the Pennsylvania Superior Court. On June 30, 2015, Pennsylvania Superior Court affirmed the dismissal of the PCRA petition as time-barred and found that Colbert failed to demonstrate the applicability of a statutory exception to the timing requirements of the PCRA. Commonwealth v. Colbert, 2015 WL 6951414 (Pa. Super. 2015).

On December 17, 2018, Colbert filed the instant federal habeas petition. (Doc. 1). Upon preliminary review, see R. GOVERNING § 2254 CASES R. 4, respondents were directed to file a response addressing the timeliness of the petition. (Doc. 6, citing United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (*en banc*) (holding that district courts may *sua sponte* raise AEDPA's one-year statute of limitations, provided that the petitioner is provided with notice and an opportunity to respond)). Colbert was afforded the opportunity to file a reply. (Doc. 6). On February 26, 2019, respondents filed a response seeking dismissal of the petition as untimely. (Doc. 14). On March 11, 2019, Colbert filed a traverse. (Doc. 15).

3

## II. <u>Discussion</u>

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). <u>See</u> 28 U.S.C. § 2244(d)(1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); <u>see</u> <u>Jones v. Morton</u>, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. <u>See</u> <u>Nara v. Frank</u>, 264 F.3d 310, 314 (3d Cir. 2001).

Colbert was sentenced on May 16, 1994. <u>See</u> <u>Commonwealth v. Colbert</u>, Nos. CP-22-CR-0002357-1992, CP-22-CR-0002358-1992. His judgment of sentence became

4

final on October 19, 1995, at the expiration of the ninety-day period for filing for writ of certiorari with the United States Supreme Court. See 42 Pa.C.S. § 9545(b)(3). The one-year period for the statute of limitations commenced running as of that date. Hence, the federal petition, which was filed on December 17, 2018, is patently untimely. However, the court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

### A. Statutory Tolling

Section 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations began running on October 19, 1995 and, absent any tolling, would expire on or about October 18, 1996. However, pursuant to 28 U.S.C. § 2244(d)(2), when Colbert filed his first PCRA petition on April 3, 1996, the AEDPA's filing period was statutorily tolled, with 198 days of the one-year filing period remaining. The statute remained tolled until August 24, 1999, when the Pennsylvania Supreme Court denied Colbert's petition for allowance of appeal. The 198 days remaining in which to file his federal petition expired on March 9, 2000.

Since that time, Colbert filed four additional *pro se* PCRA petitions which were denied as untimely. However, an untimely PCRA petition is not "properly filed" and, therefore, does not toll the statute of limitations. See Pace v. Diguglielmo, 544 U.S. 408, 417 (2005) (holding that "[b]ecause the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is

5

not entitled to statutory tolling under § 2254(d)(2)."). See also Merritt v. Blaine, 326 F.3d 157, 167-68 (3d Cir. 2003). Consequently, the AEDPA statute of limitations is not subject to further statutory tolling.

### B. Equitable Tolling

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. See Merritt, 326 F.3d at 168. Generally, a litigant seeking equitable tolling must establish the following two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418.

With respect to the diligent pursuit of rights, petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. See LaCava, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights

6

mistakenly in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim. See Jones, 195 F.3d at 159; Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).

Colbert presents no evidence to account for the delay in seeking relief in federal court. (See Docs. 1, 15). Nor does he indicate that extraordinary circumstances obstructed his pursuit of post-conviction relief. Therefore, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

### C. Actual Innocence Claim

A claim of actual innocence may serve as both an exception to procedural default and as an equitable exception to the statute of limitations. See McQuiggin v. Perkins, 569 U.S. 383, 391-92 (2013); Hubbard v. Pinchak, 378 F.3d 333, 338 (3d Cir. 2004). In McQuiggin, the Supreme Court reaffirmed that there is an "equitable exception" to the statute of limitations applicable to habeas claims, but "only when the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner.'" Gore v. Crews, 720 F.3d 811, 817 (11th Cir. 2013) (quoting McQuiggin, 569 U.S. at 395). Thus, actual innocence, if proved, serves as a gateway through which a petitioner may pass when faced with procedural impediments such as the expiration of the statute of limitations. McQuiggin, 569 U.S. at 386. The Supreme Court emphasized, however, the demanding nature of the test for permitting the gateway to open: "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" McQuiggin,

569 U.S. at 401 (quoting Schlup v. Delo, 513 U.S. 298, 316 (1995)).  For the actual innocence exception to apply, a petitioner must "support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial."  Schlup, 513 U.S. at 324.  The limited nature of this exception is underscored by the Court's explicit observation that "tenable actual-innocence gateway pleas are rare."  McQuiggin, 569 U.S. at 386.

Colbert does not dispute that his federal habeas petition is facially untimely.  However, he asserts that there is exculpatory evidence that would establish his innocence, namely two (2) Pennsylvania State Police laboratory reports, and he alleges prosecutorial misconduct.  (Doc. 1, at 16; Doc. 1-1; Doc. 15).  Fatal to the instant petition, actual innocence claims focus on "new" evidence — "relevant evidence that was either excluded or unavailable at trial."  Schlup, 513 U.S. at 327-28.  Colbert has not produced any new evidence.  To the contrary, this purported evidence was available during the state court proceedings.  Evidence is not "new" if it was available at trial.  Hubbard, 378 F.3d at 340-41 (stating that petitioner's allegation of actual innocence is "nothing more than a repackaging of the record as presented at trial" and thus he could not show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence).  Colbert raised these same claims in his second PCRA petition.  The Pennsylvania Superior Court rejected these claims and found as follows:

> [Colbert] has invoked two . . . exceptions to the timeliness requirement contained in the [PCRA].  First, [Colbert] argues that his petition is based on newly discovered forensic evidence, namely, Pennsylvania

8

> State Police laboratory reports authored by forensic scientist Lee Ann
> T. Grayson, which, according to [Colbert], reveal that the spermatozoa
> found on the panties of the two victims differed. Secondly, [Colbert]
> claims that his petition is based on interference by governmental
> officials in the presentation of the claim. We find no merit in either of
> these contentions.
>
> The allegation that the State Police reports are after-discovered
> evidence is belied by the record which reflects that these reports were
> the subject of a stipulation at trial between the Commonwealth's
> attorney and defense counsel, specifically, a stipulation that
> Pennsylvania State Police forensic scientist Lee Ann Grayson
> performed a certain analysis on sealed evidence, i.e., items of clothing
> of the victims and a condom, and that she "discovered nothing
> conclusive as to this case." N.T. April 13, 1994, p. 218. As the reports
> were clearly available at [Colbert's] 1994 trial, they are not after-
> discovered evidence. See: 42 Pa.C.S. § 9543(a)(2)(vi) (after-discovered
> evidence not a basis for relief unless unavailable at time of trial).
>
> Nor do we find that the prosecutor's representation to the court that
> the State Police "discovered nothing conclusive as to this case,"
> constitutes "interference by governmental officials in the presentation
> of a claim" as [Colbert] claims. This statement by the prosecutor was
> represented to the Court as a stipulation, and defense counsel stated
> on the record that the prosecutor's statement was correct and that the
> defense agreed to stipulate to that information. Id. at 219. Thus, this
> exception does not apply.

(Doc. 19-1, at 220-21, Commonwealth v. Colbert, No. 1114 MDA 2001).

Because Colbert's case is not one of those "rare" cases, which presents new reliable evidence that was not previously available, the equitable exception to § 2244(d)(1) does not apply.

### III. **Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §

9

2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the disposition of this case debatable. Accordingly, a COA will not issue.

## IV. Conclusion

The court will deny Colbert's application (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as untimely. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: April 8, 2020